1  GERSON A. ZWEIFACH (admitted *pro hac vice*)
   PAUL B. GAFFNEY (admitted *pro hac vice*)
2  AARON P. MAURER (admitted *pro hac vice*)
   DAVID I. BERL (No. 211761)
3  WILLIAMS & CONNOLLY LLP
   225 Twelfth Street, NW
4  Washington, DC  20005-5901
   Telephone: (202) 434-5000
5  Facsimile: (202) 434-5029

6  JEFFREY E. FAUCETTE (No. 193066)
   Email: jfaucette@howardrice.com
7  HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
8  A Professional Corporation
   Three Embarcadero Center, 7th Floor
9  San Francisco, CA  94111-4024
   Telephone: (415) 434-1600
10 Facsimile: (415) 217-5910

11 ELLIOT M. OLSTEIN
   CARELLA, BYRNE, BAIN, GILFILLAN,
12 CECCHI, STEWART & OLSTEIN, P.C.
   Five Becker Farm Road
13 Roseland, NJ  07068-1739
   Telephone: (973) 994-1700
14 Facsimile: (973) 994-1744

15 Attorneys for Plaintiff,
   MEDIMMUNE, LLC
16

                                          *E-FILED 5/26/2009*

                          MATTHEW D. POWERS (No. 104795)
                          VERNON M. WINTERS (No. 130128)
                          WEIL, GOTSHAL & MANGES LLP
                          Silicon Valley Office
                          201 Redwood Shores Parkway
                          Redwood Shores, CA  94065
                          Telephone: (650) 802-3000
                          Facsimile: (650) 802-3100

                          Attorneys for Defendant,
                          PDL BIOPHARMA, INC.

17              UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA

19                   SAN JOSE DIVISION

20  MEDIMMUNE, LLC,                    Case No. CV 08 5590 JF

21              Plaintiff,

22       v.                           [PROPOSED] STIPULATED
                                      PROTECTIVE ORDER
23  PDL BIOPHARMA, INC.,
                                      (MODIFIED BY THE COURT)
24              Defendant.

25

26

27

28

1    1.    <u>PURPOSES AND LIMITATIONS</u>

2    Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public disclosure

4    and from use for any purpose other than prosecuting this litigation would be warranted.

5    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all

7    disclosures or responses to discovery and that the protection it affords extends only to the limited

8    information or items that are entitled under the applicable legal principles to treatment as specified

9    herein. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated

10   Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule

11   79-5 sets forth the procedures that must be followed and reflects the standards that will be applied

12   when a party seeks permission from the court to file material under seal.

13   2.    <u>DEFINITIONS</u>

14   2.1    <u>Party</u>: any party to this action, including all of its officers, directors,

15   employees, and (other than outside legal counsel) consultants.  "<u>Parties</u>" shall mean each and every

16   Party, collectively, to this action.

17   2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

18   medium or manner generated, stored, or maintained (including, among other things, testimony,

19   transcripts, or tangible things) that are produced or generated in disclosures or responses to

20   discovery in this matter.

21   2.3    "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how

22   generated, stored or maintained) or tangible things that qualify for protection under standards

23   developed under F.R.Civ.P. 26(c).

24   2.4    "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" Information

25   or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party

26   or non-party would create a substantial risk of serious injury that could not be avoided by less

27   restrictive means.

28

1    2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from

2    a Producing Party.

3    2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery

4    Material in this action.

5    2.7    Designating Party: a Party or non-party that designates information or items

6    that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

7    CONFIDENTIAL — ATTORNEYS' EYES ONLY."

8    2.8    Protected Material: any Disclosure or Discovery Material that is designated as

9    "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10    2.9.    Outside Counsel: attorneys who are not employees of a Party but who are

11    retained to represent or advise a Party in this action and regular employees of said attorneys, who are

12    assisting in the prosecution or defense of this litigation.  Unless otherwise expressly approved

13    through written stipulation or order, Outside Counsel shall include only the law firms of record for

14    each Party to this action.

15    2.10    House Counsel: attorneys who are employees of a Party.

16    2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as

17    their support staffs).

18    2.12    Expert: a person with knowledge, skill, experience, training, or education, in a

19    matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

20    witness or as a consultant in this action.

21    2.13    Professional Vendors: persons or entities that provide litigation support

22    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

23    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

24    subcontractors.

25    3.    SCOPE

26    The protections conferred by this Stipulation and Order cover not only Protected Material (as

27    defined above), but also any information copied or extracted there from, as well as all copies,

28    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

1   parties or counsel to or in court or in other settings that might reveal Protected Material.

2        4.      DURATION

3        Even after the termination of this litigation, the confidentiality obligations imposed by this

4   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

5   otherwise directs.   **For a period of six months after the final termination of this action, this**
    **court will retain jurisdiction to enforce the terms of this order.**

6        5.      DESIGNATING PROTECTED MATERIAL

7            5.1     Exercise of Restraint and Care in Designating Material for Protection. Each

8   Party or non-party that designates information or items for protection under this Order must take

9   care to limit any such designation to specific material that qualifies under the appropriate standards.

10  A Designating Party must take care to designate for protection only those parts of material,

11  documents, items, or oral or written communications that qualify – so that other portions of the

12  material, documents, items, or communications for which protection is not warranted are not swept

13  unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are

14  prohibited. Designations that are shown to be clearly unjustified, or that have been made for an

15  improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to

16  impose unnecessary expenses and burdens on other parties) expose the Designating Party to

17  sanctions.  If it comes to a Party's or a non-party's attention that information or items that it

18  designated for protection do not qualify for protection at all, or do not qualify for the level of

19  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

20  withdrawing the mistaken designation.  Notwithstanding any provision of this Protective Order,

21  materials previously produced by a Party in another litigation may be produced by that Party with

22  the designations, e.g., Confidential or Outside Attorneys' Eyes Only, given in that other litigation

23  that most closely correspond to the designations provided in this Order, still subject, however, to the

24  Receiving Party's right to challenge the designations pursuant to Section 6 of this Protective Order.

25          5.2     Manner and Timing of Designations. Except as otherwise provided in this

26  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

27  material that qualifies for protection under this Order must be clearly so designated before the

28  material is disclosed or produced.

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (apart from transcripts of

3    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

5    applicable, on the page of the item that contains Protected Material.

6    A Party or non-party that makes original documents or materials available for

7    inspection need not designate them for protection until after the inspecting Party has indicated which

8    material it would like copied and produced.  During the inspection and before the designation, all of

9    the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

10    ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

11    copied and produced, the Producing Party must determine which documents qualify for protection

12    under this Order, then, before producing the specified documents, the Producing Party must affix the

13    appropriate legend on the page of each item that contains Protected Material.

14    (b)    for testimony given in deposition or in other pretrial or trial

15    proceedings, the Party or non-party offering or sponsoring the testimony must identify on the record,

16    before the close of the deposition, hearing, or other proceeding, or within twenty (20) calendar days

17    after the receipt of the final transcript of that deposition, hearing, or other proceeding, any portions

18    of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

19    ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately

20    designated for protection within the twenty (20) calendar days after receipt of the final transcript

21    shall be covered by the provisions of this Stipulated Protective Order.

22    (c)    for information produced in some form other than documentary, and

23    for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

24    the container(s) or disk(s) in which the information or item is stored the legend "CONFIDENTIAL"

25    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

27    designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28    ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to

1    secure protection under this Order for such material. If material is appropriately designated as

2    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the

3    material was initially produced ("Later Designation"), the Receiving Party, on timely notification of

4    the designation, must thereafter treat the material in accordance with the provisions of this Order,

5    and must ensure that any designated material disseminated before the Later Designation is destroyed

6    or returned to the Producing Party and, if the Receiving Party so desires, replaced with a new

7    version of the material provided by the Producing Party and labeled "CONFIDENTIAL" or

8    "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" as applicable, if such replacement

9    does not conflict with other provisions of this Protective Order.

10           6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

11                   6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

12   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

13   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

14   its right to challenge a confidentiality designation by electing not to mount a challenge promptly

15   after the original designation is disclosed.

16                   6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

17   Party's confidentiality designation must do so in good faith and must begin the process by

18   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient

19   unless at least one scheduled attempt at voice to voice dialogue during normal business hours has

20   been made and failed) with counsel for the Designating Party.  In conferring, the challenging Party

21   must explain the basis for its belief that the confidentiality designation was not proper and must give

22   the Designating Party an opportunity to review the designated material, to reconsider the

23   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

24   designation.  A challenging Party may proceed to the next stage of the challenge process only if it

25   has engaged in this meet and confer process first.

26                   6.3    Judicial Intervention. A Party that elects to press a challenge to a

27   confidentiality designation after considering the justification offered by the Designating Party may

28   file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

1   applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

2   Each such motion must be accompanied by a competent declaration that affirms that the movant has

3   complied with the meet and confer requirements imposed in the preceding paragraph and that sets

4   forth with specificity the justification for the confidentiality designation that was given by the

5   Designating Party in the meet and confer dialogue.

6         The burden of persuasion in any such challenge proceeding shall be on the

7   Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

8   material in question the level of protection to which it is entitled under the Producing Party's

9   designation.

10         Nothing in this Order shall be construed to prevent any Party from objecting to any

11   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation

12   as outside the scope of this Order or Federal Rule of Civil Procedure 26(c).

13        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

14        7.1    Basic Principles.  A Receiving Party is authorized under this Protective Order

15   to use Protected Material that is disclosed or produced by another Party or by a non-party in

16   connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such

17   Protected Material may be disclosed only to the categories of persons and under the conditions

18   described in this Order. When the litigation has been terminated, a Receiving Party must comply

19   with the provisions of section 11, below (FINAL DISPOSITION).

20         Protected Material must be stored and maintained by a Receiving Party at a location

21   and in a secure manner that ensures that access is limited to the persons authorized under this Order.

22        7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

23   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

24   disclose any information or item designated "CONFIDENTIAL" only to:

25         (a)    the Receiving Party's Outside Counsel;

26         (b)    no more than five (5) officers, directors, and employees (including

27   House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation

28   and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1    (c)    Experts of the Receiving Party who have been subject to section 7.4

2    below and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

3    (d)    the Court and its personnel;

4    (e)    court reporters, their staffs, and professional vendors to whom

5    disclosure is reasonably necessary for this litigation; and

6    (f)    witnesses, to the extent provided in section 7.5.

7    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8    Information or Items. Unless otherwise ordered by the court or permitted in writing by the

9    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

11   (a)    the Receiving Party's Outside Counsel;

12   (b)    no more than two (2) House Counsel of the Receiving Party, as well

13   as no more than two (2) employees who report to or work at the direction of said Counsel, to whom

14   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

15   Bound by Protective Order" (Exhibit A);

16   (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably

17   necessary for this litigation, and (2) who have been subject to section 7.4 below and who have

18   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

19   (d)    the Court and its personnel;

20   (e)    court reporters, their staffs, and professional vendors to whom

21   disclosure is reasonably necessary for this litigation; and

22   (f)    witnesses, to the extent provided in section 7.5.

23   7.4    Procedures for Approving Disclosure of "CONFIDENTIAL" OR "HIGHLY

24   CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

25   (a)    If a Receiving Party wishes to disclose "CONFIDENTIAL" OR

26   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an Expert, the Receiving Party

27   must disclose to the Designating Party that the Receiving Party wishes to disclose such information.

28   With that disclosure, the Receiving Party must also provide the following information to the

1    Designating Party:  (1) the full name of the Expert and the city and state of his or her primary

2    residence, (2) the Expert's current resume, (3) the Expert's current employer(s), (4) each person or

3    entity from whom the Expert has received compensation for work in his or her areas of expertise or

4    to whom the expert has provided professional services at any time during the preceding five years,

5    and (5) by name and number of the case, filing date, and location of court, any litigation in

6    connection with which the Expert has provided any professional services during the preceding five

7    years.

8                    (b)    A Party that makes a request and provides the information specified in

9    the preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

10   within seven calendar days of delivering the request, the Party receives a written objection from the

11   Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

12                   (c)    A Party that receives a timely written objection must meet and confer

13   with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

14   agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

15   file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

16   applicable) seeking permission from the court to do so. Any such motion must describe the

17   circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is

18   reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

19   additional means that might be used to reduce that risk. In addition, any such motion must be

20   accompanied by a competent declaration in which the movant describes the parties' efforts to

21   resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions)

22   and sets forth the reasons advanced by the Designating Party for its refusal to approve the

23   disclosure.

24                In any such proceeding the Party opposing disclosure to the Expert shall bear the

25   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

26   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

27                7.5    Right to Further Disclosure.  Protected Material produced by a Party may be

28   disclosed to a current employee of that Party, or a former employee who authored, received, or

1    otherwise had knowledge of the material while employed by that Party.  During the course of a

2    deposition, if a questioner can articulate a reasonable belief that a former employee authored,

3    received, or otherwise had knowledge of Protected Material produced by a Party while employed by

4    that Party then the questioner may present the Protected Material to the former employee for the

5    purpose of determining whether the former employee authored, received, or otherwise had

6    knowledge of the material while employed by that Party.  Protected Material may be disclosed to

7    third-party fact witnesses during the course of a deposition only if the deponent is reasonably

8    believed to be already familiar with such Protected Material.

9        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

10   OTHER LITIGATION.

11       If a Receiving Party is served with a subpoena or an order issued in other litigation that

12   would compel disclosure of any information or items designated in this action as

13   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

14   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

15   and in no event more than three business days after receiving the subpoena or order. Such

16   notification must include a copy of the subpoena or court order.

17       The Receiving Party also must immediately inform in writing the party who caused the

18   subpoena or order to issue in the other litigation that some or all the material covered by the

19   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

20   deliver a copy of this Stipulated Protective Order promptly to the party in the other action that

21   caused the subpoena or order to issue.

22       The purpose of imposing these duties is to alert the interested parties to the existence of this

23   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

24   confidentiality interests in the court from which the subpoena or order issued. The Designating Party

25   shall bear the burdens and the expenses of seeking protection in that court of its confidential material

26   – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

27   Party in this action to disobey a lawful directive from another court.

28

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND INADVERTANT PRODUCTIONS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or information by the Producing Party to the Receiving Party shall not constitute a waiver of the attorney-client privilege or work product immunity if, within a reasonable period of time after recognizing that privileged information has been produced or disclosed, the Producing Party sends to each Receiving Party a request for return of any such inadvertently produced documents or information to the Producing Party. Upon receiving such a request by the Producing Party, the Receiving Party immediately shall return to the Producing Party all copies of such documents or information, or shall immediately confirm in writing that all electronic copies of the documents or information have been deleted from electronic records and all paper copies of the documents or information have been destroyed. The Receiving Party shall not utilize the information contained in such documents for any purpose, provided, however, that this Order shall not preclude the Receiving Party from making a motion to compel production of the returned document or information on a basis other than a waiver or estoppel premised on the inadvertent production. The Producing Party shall retain copies of all returned documents for further disposition.

10.    FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

1      · 11.   FINAL DISPOSITION.

2          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty calendar

3   days after the final termination of this action (including all appeals), each Receiving Party must·

4   return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected

5   Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing

6   or capturing any of the Protected Material.  With permission in writing from the Designating Party,

7   the Receiving Party may destroy some or all of the Protected Material instead of returning it.

8   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

9   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

10   by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material

11   that was returned or destroyed and that affirms that the Receiving Party has not retained any copies,

12   abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

13   Material.  ~~Upon the final termination of this litigation (including all appeals): (a) any Protected~~

14   ~~Material produced hereunder that has been submitted for identification or into evidence at any~~

15   ~~hearing or trial in this litigation may be withdrawn by Counsel for the person who offered such~~

16   ~~Protected Material into evidence; (b) the Clerk is authorized to deliver said Protected Material to~~

17   ~~said Counsel; (c) any such Protected Material not returned to counsel shall be destroyed.~~

18   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

19   motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

20   materials contain Protected Material.  Any such archival copies that contain or constitute Protected

21   Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

22      12.   ·MISCELLANEOUS

23          12.1   Right to Further Relief. Nothing in this Order abridges the right of any person

24   to seek its modification by the Court in the future.

25          12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective

26   Order no Party waives any right it otherwise would have to object to disclosing or producing any

27   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

28   Party waives any right to object on any ground to use in evidence of any of the material covered by

1   this Protective Order.

2         12.3   Client Communication.  Nothing in this Protective Order shall bar or

3   otherwise restrict any attorney for the parties from rendering advice to his or her client with respect

4   to this litigation.  In the course of doing so, said attorney may generally refer to or rely upon his or

5   her examination of Protected Material, but shall not disclose the specific contents of Protected

6   Material to persons not authorized to receive such Protected Material pursuant to this Protective

7   Order.

8         12.4   Other Proceedings.  By entering this Order and limiting the disclosure of

9   information in this case, the Court does not intend to preclude another court from finding that

10   information may be relevant and subject to disclosure in another case.  Any person or Party subject

11   to this Order who becomes subject to a motion to disclose another Party's information designated

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to

13   this Order shall promptly notify that Party of the motion so that the Party may have an opportunity

14   to appear and be heard on whether that information should be disclosed, as noted above in section 8.

15

16   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17

18   DATED: May 14, 2009.          WILLIAMS & CONNOLLY LLP

19

20                       GERSON A. ZWEIFACH    ( JEF
                    PAUL B. GAFFNEY

21                       AARON P. MAURER
                    DAVID I. BERL

22                       Attorneys for Plaintiff

23                       MEDIMMUNE, LLC

24

25

26

27

28

1    DATED: May 14, 2009.                    WEIL, GOTSHAL & MANGES LLP

2

3                                            _____
                                             MATTHEW D. POWERS
4                                            VERNON M. WINTERS

5                                            Attorneys for Plaintiff
                                             PDL BIOPHARMA, INC.

6

7

8                        **(AS MODIFIED BY THE COURT),**
      PURSUANT TO STIPULATION, IT IS SO ORDERED.
9
      DATED: _____May 25, 2009_____
10
                                        _____
                                        United States District Judge
                                                Magistrate
11
                                             Howard R. Lloyd
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    EXHIBIT A

2              ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4    I, _____ [print or type full name], of _____ [print or

5    type full address], declare under penalty of perjury that I have read in its entirety and understand

6    the Stipulated Protective Order that was issued by the United States District Court for the Northern

7    District of California on [date] in the case of *MedImmune, LLC v. PDL BioPharma, Inc.*, C 08-cv-

8    5590 (JF).  I agree to comply with and to be bound by all the terms of this Stipulated Protective

9    Order and I understand and acknowledge that failure to so comply could expose me to sanctions and

10   punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any

11   information or item that is subject to this Stipulated Protective Order to any person or entity except

12   in strict compliance with the provisions of this Order.

13

14   I further agree to submit to the jurisdiction of the United States District Court for the Northern

15   District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

16   if such enforcement proceedings occur after termination of this action. I hereby appoint

17   _____ [print or type full name] of

18   _____ [print or type full address and telephone number]

19   as my California agent for service of process in connection with this action or any proceedings

20   related to enforcement of this Stipulated Protective Order.

21

22   Date: _____

23   City and State where sworn and signed: _____

24

25   Printed name: _____
                         [printed name]

26

27   Signature: _____

28