GERSON A. ZWEIFACH (admitted *pro hac vice*)
PAUL B. GAFFNEY (admitted *pro hac vice*)
AARON P. MAURER (admitted *pro hac vice*)
DAVID I. BERL (No. 211761)
WILLIAMS & CONNOLLY LLP
225 Twelfth Street, NW
Washington, DC 20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*E-FILED 7/29/2009*

JEFFREY E. FAUCETTE (No. 193066)
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024
Telephone: (415) 434-1600
Facsimile: (415) 217-5910

MATTHEW D. POWERS (No. 104795)
VERNON M. WINTERS (No. 130128)
AARON Y. HUANG (No. 261903)
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

ELLIOT M. OLSTEIN
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN, P.C.
Five Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

PETER SANDEL (admitted *pro hac vice*)
REBECCA FETT (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Plaintiff,
MEDIMMUNE, LLC

Attorneys for Defendant,
PDL BIOPHARMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PDL BIOPHARMA, INC.,<br><br>    Defendant. | Case No. CV 08 5590 JF<br><br>Action Filed: December 16, 2008<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff MedImmune, LLC. ("MedImmune") and Defendant, PDL BioPharma, Inc. ("PDL"). (each, a "Party" and collectively, the "Parties") to the above-captioned litigation (the "Litigation") as follows:

1. The Parties agree to modify the requirements of Rule 26(a)(2)(B) of the Federal Rule of Civil Procedure with respect to required disclosures concerning any experts testifying in connection with the Litigation, and to limit the scope of any documents or information concerning or created by any expert witness retained by any of the Parties in the Litigation ("Experts") that may be subject to discovery in (a) the Litigation or (b) in any other proceeding where any person may seek production of documents or information concerning or created by such Expert in connection with the Litigation ("Other Proceeding").

2. Notwithstanding anything to the contrary in Rule 26(a)(2)(B) or any other law, rule, regulation or court order provided by any federal, state, regulatory, judicial, arbitral, local or foreign authority, discovery of an Expert shall be limited to the following documents:

(a) a complete statement of all opinions to be expressed by the Expert, and the basis and reasons therefore (the "Expert Report");

(b) any data, materials, or other information on which the Expert relied in forming the opinions expressed in the Expert Report;

(c) the identity of any materials pertaining to the dispute made available to the Expert for review, including but not limited to documents produced in discovery, and deposition transcripts and exhibits;

(d) any materials prepared by the Expert that any of the Parties intend to present at trial or at any other hearing or proceeding in the Litigation;

(e) a complete statement of the qualifications of the Expert, including a list of all publications within the preceding ten (10) years;

(f) a statement of the compensation paid or to be paid to the Expert by the party sponsoring that Expert in connection with his/her work in the Litigation;

(g) a listing of any other cases in litigation, or any administrative proceeding, in which the Expert has provided an Expert Report, or has testified as an expert at trial or by deposition, within the preceding four (4) years;

(h) to the extent that the expert relies on any testing or data generated for the litigation, all testing and data generated by that expert and, in addition, any testing or data otherwise disclosed to that expert (whether or not relied on by that expert)..

3. Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(a)(2)(B) or case law, other than the documents described above in paragraph 2, all other materials pertaining to such Expert (the "Excluded Information") shall NOT be subject to disclosure in connection with the Litigation or any Other Proceeding, including, but not limited to:

(a) any notes, comments, edits, or drafts of materials, summaries, charts, illustrative documents, exhibits, declarations, affidavits, reports, prepared by the Expert, or any such materials by persons working under their supervision, parties to the Litigation or their counsel, including agents and/or consultants of counsel, except to the extent such materials not prepared by the Expert are relied upon by the Expert in forming his or her opinion;

(b) materials or information that may have been reviewed or considered by the Expert, except to the extent such materials or information have been relied upon by the Expert in forming his or her opinion; and

(c) all written or oral communications, including, but not limited to, letters, e-mails, or facsimiles between the Expert and any party to this litigation or any in-house or outside counsel, including agents and/or consultants of counsel, for the party or parties on whose behalf the Expert was engaged, except to the extent such communications have been relied upon by the Expert in his or her opinion.

4. The Parties agree that Excluded Information shall be considered attorney-work product and subject to the protections from disclosure in the Litigation or in any Other Proceeding as permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

5. The parties agree that there will be no inquiries, at depositions, hearings, or at trial into the existence of or nature of the Excluded Information.

6. The terms of this Stipulation and Order shall remain in effect during and after conclusion of the Litigation.

7. Nothing herein shall limit or waive any party's rights to object for any reason to the: (a) admission into evidence of any summary, report, affidavit, or testimony from

the opposing party's Expert; or (b) qualification of any person to serve or testify as an expert witness.

| | |
|---|---|
| DATED: July 13, 2009. | WILLIAMS & CONNOLLY LLP |
| | /s/ |
| | GERSON A. ZWEIFACH |
| | PAUL B. GAFFNEY |
| | AARON P. MAURER |
| | DAVID I. BERL |
| | |
| | Attorneys for Plaintiff |
| | MEDIMMUNE, LLC |
| | |
| DATED: July 13, 2009. | WEIL, GOTSHAL & MANGES LLP |
| | /s/ |
| | MATTHEW D. POWERS |
| | VERNON M. WINTERS |
| | PETER SANDEL |
| | REBECCA FETT |
| | AARON Y. HUANG |
| | |
| | Attorneys for Defendant |
| | PDL BIOPHARMA, INC. |

### ATTESTATION OF FILER CONCERNING SIGNATURE

In accordance with general Order No. 45, Section X, the filer of this document hereby attests that concurrence in the filing of this document has been obtained from each of the signatories listed above.

| | |
|---|---|
| DATED:  July 13, 2009 | HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN |
| | A Professional Corporation |
| | |
| | By:  /s/ |
| | JEFFREY E. FAUCETTE |
| | |
| | Attorneys for Plaintiff |
| | MEDIMMUNE, LLC |

ORDER PURSUANT TO STIPULATION, SO ORDERED.

DATED:

_____

Howard R. Lloyd
United States Magistrate Judge

STIPULATION AND ORDER REGARDING EXPERT DISCOVERY
4