**\*\* E-filed December 17, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC, | No. C08-05590 JF (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| PDL BIOPHARMA, INC., | |
| Defendant. | **[Re: Docket No. 212]** |
| _____/ | |

Pursuant to a 1997 agreement ("License Agreement") with defendant PDL Biopharma ("PDL"), plaintiff MedImmune LLC ("MedImmune") is licensed to practice certain PDL patents. MedImmune claims that PDL has breached certain provisions of the License Agreement. In this action, plaintiff seeks a declaration of noninfringement and invalidity as to the subject patents, as well as a declaration of contractual rights under the License Agreement. PDL now moves for a protective order to prevent MedImmune from inquiring about certain topics when deposing PDL pursuant to Fed. R. Civ. P. 30(b)(6). MedImmune opposes PDL's motion. Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the December 22, 2009 hearing is vacated.

## LEGAL STANDARD

The federal rules provide for liberal discovery. As a result, a party may discover any matter relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is also

1  construed more broadly than it is for trial; "[r]elevant information need not be admissible at the trial
2  if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*
3  Nevertheless, upon a showing of good cause, the court may limit the scope of discovery "to protect
4  a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.
5  R. Civ. P. 26(c). The party seeking to limit its disclosures through a protective order has the heavy
6  burden of showing good cause. *Blankenship v. Hearst*, 519 F.2d 418 (9th Cir. 1975).

## DISCUSSION

### A.   Undue Burden

PDL first argues that a Rule 30(b)(6) deposition of it would be unduly burdensome. It says that it now only has seven employees, none of whom have personal knowledge of the history of the underlying issues in the litigation. PDL asserts that forcing it to find a witness to "collect and memorize" this history would be an "enormous" burden. (Mot. 4–5.) It also claims that MedImmune can obtain the same information through less burdensome means, such as from document production, interrogatories, or from deposing its former employees.

MedImmune counters that it is entitled to learn what PDL's own position is on these topics and that it is not duplicating discovery. It says that PDL's current employees' lack of personal knowledge is irrelevant, and points out that one of PDL's current directors, Dr. Selick, would have personal knowledge about many topics because he is one of two inventors on the primary patent at issue in this case (the " '370 patent"). It also notes that PDL can select several people to act as its Rule 30(b)(6) designees.

Under the Federal Rules, a party may name an entity as a deponent. Fed. R. Civ. P. 30(b)(6). This entity "*must* then designate *one or more* officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* (emphasis added). These persons "must testify about information known or reasonably available to the organization." *Id.* Because the focus is on the entity, "personal knowledge of the designated subject matter by the selected deponent is of no consequence." *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006). If the designees lack personal knowledge, "the corporation is obligated to prepare the designees so that

2

they may give knowledgeable and binding answers for the corporation." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

As other courts have noted, "it is not uncommon" for a company to claim that a Rule 30(b)(6) deposition would cause an undue burden because it no longer employs anyone with personal knowledge of the events at issue. *Id.* Yet PDL is not relieved of its obligation to prepare one or more designees on this ground alone. *See Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). The court is unpersuaded that PDL does not have information reasonably available to it, such as information from its former employees and current directors, to aid in this preparation. Nor has PDL convinced the court that this effort would be so great as to support a blanket protective order. *See Sprint*, 236 F.R.D. at 528 (noting that even an "onerous" burden is justified because an entity can only act through its designees).

**B.     Expert Discovery and "Quasi-Legal" Responses**

PDL also argues that a protective order is warranted because, it says, most topics require expert testimony or seek legal contentions and "highly detailed, quasi-legal facts." (Mot. 5–6.) In essence, it argues that because MedImmune uses words in its deposition notice like "conception," "reduction to practice," and "prior art," or includes topics concerning testing, analyses, and specific immunoglobulins, that PDL's responses are best deferred until expert discovery or later contention interrogatories. MedImmune counters that it is merely seeking facts and PDL's own position as to these topics.

The court is unpersuaded that MedImmune's language automatically requires PDL to attempt an expert opinion or provide legal contentions. PDL is in the business of humanized antibodies; surely it is capable of discussing its scientific endeavors without relying solely upon expert witnesses and attorneys. However, it is true that patent cases often involve "quasi-legal" arguments that involve not only facts, but principles of law. *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1999), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991). Such topics may be inappropriate for a lay witness during a Rule 30(b)(6) deposition. In such situations, whether a contention interrogatory is more appropriate is made on a case-by-case

///

basis. *See United States v. Taylor*, 166 F.R.D. 356, 363 n.7 (M.D.N.C. 1996). Accordingly, to the extent that any of MedImmune's topics would require PDL's designees to take a legal position, as discussed below, these topics are more appropriate for a contention interrogatory after substantially all of the discovery is complete.

**C.     Limitation to Claim 28**

PDL further asserts that several of the noticed topics are too broad because they are not limited to Claim 28 of the '370 patent, the only claim it says is at issue in the case. MedImmune argues that topics including information about the '370 patent generally or other Queen patents are relevant to both its patent and license claims. Under the circumstances of this case, the court is unpersuaded that such topics are not reasonably calculated to lead to admissible evidence.

**D.     Specific Topics in Dispute**

PDL also raises several other arguments for why nearly all of the deposition topics are improper and worthy of a protective order. Upon consideration of the papers filed by the parties, this court grants PDL's motion in part and denies it in part as follows:

1. PDL's motion for a protective order is DENIED for the following topics:

    a. <u>Topics 2 and 7</u>: although these topics include terms of art, they do not require complex legal determinations as presented.

    b. <u>Topic 9</u>: the court is unpersuaded that MedImmune's inquiry on this topic can be fully addressed from information obtained from the Patent Office.

    c. <u>Topic 10</u>: this topic appears only to ask for standard employment or contractor information to which any entity should be competent to testify.

    d. <u>Topic 11</u>: as discussed above, questions about PDL's testing and analyses is appropriate.

    e. <u>Topics 12–13</u>: PDL can answer these questions without making the legal contention that such threats or allegations are valid.

    f. <u>Topics 14–17</u>: Just as with Topic 11, inquiries as to PDL's perception of its own scientific endeavors are appropriate. Although these topics go beyond the

///

particular product at issue, the court is persuaded that such inquiries are reasonably calculated to lead to admissible evidence.

    g. <u>Topic 19</u>: because MedImmune is also challenging its treatment as a licensee, it is not inappropriate for MedImmune to ask PDL about negotiations with other companies.

    h. <u>Topic 21</u>: just as with Topics 12 and 13, MedImmune seeks the fact of such communications, which does not require PDL to make legal contentions.

2. PDL's motion for a protective order is GRANTED IN PART for the following topics:

    a. <u>Topic 1</u>: Although MedIummune uses specific patent terms in this topic, the essence of the inquiry is simply how the subject matter of the '370 patent came to be. Accordingly, this topic is limited to factual questions about the patent's research and development that do not specifically require PDL to make a legal contention.

    b. <u>Topics 5–6</u>: Much of the information within this topic is better suited for inquiry when MedImmune deposes Drs. Queen and Selick. It also includes inquiries that would require PDL to make a legal contention that are more appropriate for a later contention interrogatory. As a result, this topic is limited to what PDL understood Drs. Queen and Selick's roles to be during the research and development of the '370 patent, how it perceived their relationship with each other and the inventors on other Queen patents, and whether it was aware of any communications or writings by Drs. Queen and Selick to those outside of PDL concerning the subject matter of the '370 patent before its priority date.

    c. <u>Topic 20</u>: this topic is limited to questions as to what PDL itself believes it has received in exchange for any agreements as described in this topic.

    d. <u>Topic 24</u>: It is unclear how this topic, as written, is entirely relevant under the circumstances of this case. Accordingly, it is limited to whether PDL conducted audits of its licensees and the procedure it used for conducting such audits.

///

3. PDL's motion for a protective order is GRANTED for the following topics:

   a. <u>Topics 3–4</u>: To appropriately respond to questions on these topics, PDL would be required to make several legal contentions. As such, it is more appropriate for PDL to respond to this subject matter in the form of a contention interrogatory after substantially all of the discovery is complete.

   b. <u>Topic 8</u>: As written, this topic would not provide the information that MedImmune wants from it, according to its opposition. MedImmune may, however, obtain appropriate responses through expert discovery or a later contention interrogatory.

   c. <u>Topics 18 and 22</u>: This court has addressed the subject matter of these topics in a recent discovery order concerning PDL's responses to interrogatories. (Docket No. 249.) Consequently, it is not necessary for PDL to repeat itself in its Rule 30(b)(6) deposition.

**IT IS SO ORDERED.**

Dated: December 17, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 08-05590 Notice will be electronically mailed to:**

| | |
|---|---|
| Aaron P. Maurer | amaurer@wc.com |
| Aaron Y Huang | aaron.huang@weil.com |
| David Isaac Berl | dberl@wc.com |
| David Isaac Gindler | DGindler@Irell.com, dlieberman@irell.com |
| Esha Bandyopadhyay | esha.bandyopadhyay@kirkland.com, julie.bueno@kirkland.com |
| Gerson Avery Zweifach | gzweifach@wc.com |
| Jeffrey E. Faucette | jfaucette@hrice.com, gprice@howardrice.com, jrustice@howardrice.com |
| Jessamyn Sheli Berniker | jberniker@wc.com |
| Paul B. Gaffney | pgaffney@wc.com |
| Raymond Angelo LaMagna | rlamagna@irell.com |
| Vernon Michael Winters | vern.winters@weil.com, nettie.asiasi@weil.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**