*E-FILED 04-01-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC, | No. C08-05590 JF (HRL) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| PDL BIOPHARMA, INC. | [Re: Docket No. 405] |
| Defendant. | |

Plaintiff MedImmune, LLC ("MedImmune") seeks a declaration of contractual rights re a 1997 agreement ("License Agreement") with defendant PDL Biopharma ("PDL"), as well as a declaration of noninfringement and invalidity as to the subject PDL patents. PDL accuses MedImmune of breach of contract and willful infringement.

PDL now moves for a protective order against a Fed. R. Civ. P. 45 subpoena duces tecum served by MedImmune on nonparty Genzyme Corporation ("Genzyme"). The subpoena indisputably was served one week after the January 29, 2010 discovery cutoff. PDL argues that the subpoena is untimely and, therefore, beyond the bounds of permissible discovery.[1] MedImmune opposes the motion. The matter is deemed suitable for determination without oral argument, and the April 6, 2010 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion.

---

[1] PDL says that it has also filed a motion to quash the subpoena in the District of Massachusetts, the court from which the subpoena issued.

1    MedImmune first contends that because the Genzyme subpoena is directed to a
2    nonparty, the requested discovery is not subject to the January 29, 2010 discovery cutoff and
3    may be sought at any time before trial. Courts are split on this issue. Nevertheless, this court
4    finds that the better view (espoused by the majority of jurisdictions) is that, with certain
5    exceptions not present here, Fed. R. Civ. P. 45 subpoenas constitute pretrial discovery that must
6    be served within the specified discovery period. See, e.g., Dreyer v. GACS, Inc., 204 F.R.D.
7    120, 122 (N.D. Ind. 2001) ("Most courts hold that a subpoena seeking documents from a third-
8    party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's
9    general discovery deadlines."); Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556,
10   561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and
11   must be utilized within the time period permitted for discovery in a case."); NSight, Inc. v.
12   PeopleSoft, Inc., No. C04-003836, 2006 WL 988807, *3 (N.D. Cal., Apr. 13, 2006) (noting that
13   California courts and a majority of other jurisdictions hold that Fed. R. Civ. P. 45 discovery is
14   pretrial discovery that must be served within the designated discovery period). Accordingly,
15   the Genzyme subpoena is untimely. The only remaining question is whether there is good
16   cause to excuse MedImmune's tardiness.

17   In oversimplified terms, the Genzyme subpoena seeks documents (e.g., all lab
18   notebooks, files, patent applications, samples, and like material) pertaining to Genzyme's
19   humanized antibody program, especially (a) documents once in the possession of Gordon P.
20   Moore or Clyde W. Shearman, (b) documents concerning the antibodies BMA031, 2H1, or
21   B6.2, and (c) any document dated before January 1, 1991 that refers to a humanized antibody.
22   (See Huang Decl., Ex. 1). In sum, the subpoena seeks discovery re potential prior art with
23   respect to a claimed February 1989 patent priority date.

24   Claiming that prior deposition discovery was unfruitful with respect to the identification
25   of prior art asserted by Alexion Pharmaceuticals, Inc. in a prior patent suit against PDL,
26   MedImmune says that it simply did not realize the importance of Genzyme's antibody
27   humanization efforts or the need to subpoena Genzyme until after MedImmune reviewed certain
28   handwritten notes produced by PDL on the very last day of the discovery period. PDL claims

2

1  that those notes are confidential, and this court finds that a detailed discussion of their contents
2  is unnecessary. Suffice to say that, according to MedImmune, a particular reference in those
3  notes prompted a further investigation re Genzyme which reportedly led MedImmune to
4  discover (a) Genzyme's 1989 purchase of a company called Integrated Genetics (including
5  Integrated Genetic's research on antibody humanization); and (b) the existence of an April 1989
6  article by Integrated Genetic's Gordon Moore.

7  MedImmune, however, has not convincingly explained how the reference in the
8  handwritten notes relates to Moore or Integrated Genetics. The record presented seems to
9  suggest that the handwritten notes actually refer to different prior art — all of which PDL
10 contends MedImmune has known about since at least May 2009. (Maurer Decl. Ex. C at 6-7;
11 Ex. D at 178:2-180:4). Moreover, MedImmune served its invalidity contentions in May 2009
12 (eight months before the discovery cutoff), which identified a December 15, 1991 article by
13 Shearman (on which Moore is also identified as an author) discussing the design and
14 construction of humanized antibody BMA031, one of the subjects of the Genzyme subpoena.
15 MedImmune now argues that it had no reason to investigate the research underlying the
16 December 15, 1991 Shearman article because that article was cited with respect to a different
17 1995 priority date (as opposed to the February 1989 claimed priority date now in question).
18 MedImmune also contends that, in view of a different February 1991 article by Shearman,
19 Moore (and others), MedImmune had little reason to believe that humanization of antibody
20 BMA031 was in progress in early 1989. Yet, in connection with the subpoena at issue,
21 MedImmune provided the December 15, 1991 Shearman article to Genzyme (albeit, describing
22 it as an article by Moore) for the apparent purpose of "helping [Genzyme] to focus your search"
23 to locate the requested lab notebooks. (Huang Reply Decl., Ex. 1). So, although MedImmune
24 argues that Genzyme's reported significance was a mystery that was only recently unraveled,
25 MedImmune has not convincingly demonstrated that the failure to subpoena Genzyme sooner
26 was due to the fact that PDL produced certain notes on the last day of discovery.

27 There is palpable prejudice to PDL. PDL argues that because the time for discovery and
28 the exchange of expert reports has passed, PDL will not have the opportunity to conduct

3

1  "responsive discovery," including, apparently, additional fact discovery and the preparation of
2  additional expert reports.  MedImmune contends that there will be no prejudice to PDL because
3  any production by Genzyme is likely to be "small," and Judge Fogel has indicated that trial is
4  unlikely to proceed on the previously set June 2010 date.  MedImmune's assertions as to the
5  volume of Genzyme's anticipated production are speculative.  Discovery is closed and the
6  period for the exchange of expert reports and rebuttal reports has passed.  At this juncture, this
7  court declines to permit MedImmune to proceed with discovery that could have been served
8  sooner and which could now potentially interfere with Judge Fogel's management of this case.

     Accordingly, it is ordered that PDL's motion for protective order is GRANTED.

Dated:   April 1, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

4

5:08-cv-05590-JF Notice electronically mailed to:

Aaron P. Maurer    amaurer@wc.com

Aaron Y Huang    aaron.huang@weil.com

Dana K Powers    dana.powers@weil.com

David Isaac Berl    dberl@wc.com

David Isaac Gindler    DGindler@Irell.com, dlieberman@irell.com

Gerson Avery Zweifach    gzweifach@wc.com

Gregory Hull    greg.hull@weil.com, rebecca.kraus@weil.com

Jeffrey E. Faucette    jfaucette@tcolaw.com, cdunbar@tcolaw.com, cwoodrich@tcolaw.com, mcianfrani@tcolaw.com

Jessamyn Sheli Berniker    jberniker@wc.com

Paul B. Gaffney    pgaffney@wc.com

Raymond Angelo LaMagna    rlamagna@irell.com

Vernon Michael Winters    vern.winters@weil.com, nettie.asiasi@weil.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5