*E-FILED 05-12-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PDL BIOPHARMA, INC.<br><br>        Defendant. | No. C08-05590 JF (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>**[Re: Docket No. 338]** |

Plaintiff MedImmune, LLC ("MedImmune") seeks a declaration of contractual rights re a 1997 agreement ("License Agreement") with defendant PDL Biopharma, Inc. ("PDL"), as well as a declaration of noninfringement and invalidity as to claim 28 of PDL's U.S. Patent No. 6,180,370 (the "'370 patent"). PDL asserts counterclaims for breach of contract and willful infringement. PDL now moves to compel discovery. MedImmune opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part as follows:

    1.  <u>Request for Production Nos. 6, 10 and 108-111</u>:  PDL essentially seeks to compel the production of documents concerning MedImmune's agreements with Abbott Laboratories ("Abbott"). The parties disagreed whether this discovery relates to issues that have been in the case from the start. At any rate, Judge Fogel having denied MedImmune's motion to strike PDL's first amended answer and counterclaims, there is now no dispute that

1  these requests seek discovery on matters that are in the case and fair game for discovery, albeit
2  plaintiff maintains that the requests are overbroad. Requests 6, 10 and 108, as drafted, are
3  overbroad. Nevertheless, the particular documents sought by PDL on the instant motion
4  comprise a considerably smaller universe. And, at the motion hearing, the parties advised that
5  there are a number of documents that MedImmune agreed to produce (subject only to plaintiff's
6  counsel's confirmation with his client) which seemed to this court to largely address the
7  particular documents sought by PDL. Those documents were generally described as being (a) a
8  complete library of unredacted MedImmune-Abbott agreements (and any amendments to those
9  agreements); (b) documents showing payments made by Abbott to MedImmune re Synagis
10 sales; and (c) MedImmune's settlement agreement with Mass Biologic Laboratories.
11 Accordingly, PDL's motion as to these requests is granted as follows:   To the extent it has not
12 already done so, MedImmune is directed to produce the agreed-upon documents within fourteen
13 days from the date of this order. PDL's motion is otherwise denied as moot.
14         2.      Request for Production Nos.7, 17, 18, 34, 35 and 62:  PDL moves to compel the
15 production of documents from MedImmune's prior lawsuits containing any statements or
16 representations by MedImmune about the Queen patents, the humanization technology, and
17 prior art at issue in the instant action. MedImmune reportedly has already produced all
18 documents from its litigation files that refer to the Queen patents and the 1997 License
19 Agreement. As drafted, PDL's requests are overbroad; and, PDL should have specified much
20 sooner the discovery it now says it really wants. Nevertheless, at the motion hearing, PDL said
21 that it is interested in prior litigation concerning humanized antibodies. MedImmune advised
22 that there is only one such lawsuit — identified for this court simply as the "Celltech case." In
23 view of the claimed relevance of the requested discovery, the burden imposed does not appear
24 to be undue. Accordingly, MedImmune shall produce documents from the Celltech litigation
25 that contain MedImmune's statements or representations about the Queen patents, the
26 humanization technology, and prior art at issue in the instant lawsuit. Nothing in this order,
27 however, should be construed as requiring MedImmune to violate its confidentiality agreements
28 with nonparties. PDL's motion as to these requests is otherwise denied.

3. <u>Request for Production Nos. 53 and 54</u>:  PDL seeks the production of sales and marketing materials that MedImmune actually used and distributed for its humanized antibody products from 1998 to 2007.  MedImmune says that it has produced (or will produce) a representative sampling of these materials — i.e., representative samples of current sales and marketing materials, as well as marketing materials from the 1998 launch of Synagis and a 2004-2005 marketing campaign.  At the motion hearing, MedImmune stated that it would confirm that the statements and messages given to customers over time did not differ from materials that had already been produced.  To the extent it has not already done so, MedImmune shall follow through on that commitment within fourteen days from the date of this order and produce marketing and sales materials, if any, that differ in content from documents that have already been produced.  PDL's motion is otherwise denied because this court is unconvinced that the likely benefit of the discovery outweighs the associated burden and expense.

4. <u>Request for Production Nos. 105 and 107 and Interrogatories 16-19</u> concern PDL's newly added willful infringement counterclaims and damages.  MedImmune's motion to strike PDL's first amended answer and counterclaims having been denied, there is now no dispute that these requests seek discovery as to matters that are in the case.  Accordingly, PDL's motion as to these requests is granted.  However, the time for MedImmune's decisions as to reliance of the advice of counsel under Patent L.R. 3-7 has not yet run; and, both parties agreed that MedImmune's compliance could not occur on the timeline proposed by PDL.  The court's docket indicates that Judge Fogel has set a new case schedule that includes a deadline for MedImmune's disclosures under Patent L.R. 3-7.  MedImmune's compliance with respect to Request for Production Nos. 105 and 107 and Interrogatories 16 and 17 shall be made accordingly.  As for Interrogatories 18 and 19, MedImmune shall serve its answers within fourteen days from the date of this order.

SO ORDERED.

Dated:   May 12, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:08-cv-05590-JF Notice electronically mailed to:

Aaron P. Maurer    amaurer@wc.com

Aaron Y Huang    aaron.huang@weil.com

Dana K Powers    dana.powers@weil.com

David Isaac Berl    dberl@wc.com

David Isaac Gindler    DGindler@Irell.com, dlieberman@irell.com

Gerson Avery Zweifach    gzweifach@wc.com

Gregory Hull    greg.hull@weil.com, rebecca.kraus@weil.com

Jeffrey E. Faucette    jfaucette@tcolaw.com, cdunbar@tcolaw.com, cwoodrich@tcolaw.com, mcianfrani@tcolaw.com

Jessamyn Sheli Berniker    jberniker@wc.com

Paul B. Gaffney    pgaffney@wc.com

Raymond Angelo LaMagna    rlamagna@irell.com

Vernon Michael Winters    vern.winters@weil.com, nettie.asiasi@weil.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.