**\*E-FILED 05-27-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC,<br><br>         Plaintiff,<br><br>   v.<br><br>PDL BIOPHARMA, INC.<br><br>         Defendant. | No. C08-05590 JF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA PURSUANT TO 28 U.S.C. § 1783**<br><br>**[Re: Docket No. 493]** |

Pursuant to the Walsh Act, 28 U.S.C. § 1783, plaintiff MedImmune LLC ("MedImmune") moves for issuance of a subpoena for the deposition of Mark McDade. McDade served as the Chief Executive Officer of defendant PDL Biopharma, Inc. ("PDL") from 2002-2007. He currently lives and works in Belgium. PDL opposes the motion. MedImmune says that it sent copies of its motion papers to McDade. He has not filed any response. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion.

Under the Walsh Act, the court "may order the issuance of a subpoena requiring the appearance as a witness before it . . . a national or resident of the United States who is in a foreign country" where the testimony sought "is necessary in the interest of justice" and "it is not possible to obtain his testimony in admissible form without his personal appearance." 28 U.S.C. § 1783(a); Securities & Exch. Comm'n v. Sabhlok, No. C08-04238CRB (JL),

2009 WL 3561523 *3 (N.D. Cal., Oct. 30, 2009). "The decision to issue a subpoena under this statute is left to the sound discretion of the court." Klesch & Co. Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 523 (D. Col. 2003).

The parties stipulate that McDade was a United States citizen as of 2007 when he left his employment at PDL. PDL contends that MedImmune has not disproved the possibility that McDade might have renounced his citizenship since then. But there is nothing in the record to support a conclusion that McDade is no longer a United States citizen. Accordingly, the court finds that he is within the reach of the statute.

MedImmune has satisfied the first prong of the statute. "Testimony is 'necessary in the interest of justice' if it is relevant under the liberal standards set forth in Federal Rule of Civil Procedure 26(b)." Sabhlok, 2009 WL 3561523 at *3; see also Securities & Exch. Comm'n v. Sandifur, No. C05-1631, 2006 WL 3692611 *3 (W.D. Wa., Dec. 11, 2006) ("[T]he 'interests of justice' element in discovery disputes only requires a compelling showing that the material sought would meet the relatively liberal standards set out in Federal Rule of Civil Procedure 26 for discoverable material."). Here, PDL does not dispute that the testimony sought is relevant to its amended counterclaims. This court finds that it is of no moment that the requested testimony also happens to bear on issues that have been in the case from the start.

MedImmune has also demonstrated that it is not possible to obtain McDade's testimony in admissible form without his personal appearance. 28 U.S.C. § 1783(a). Under this prong of the statute, "[s]ubpoenas may be issued when it is 'impractical' to obtain the information. Sheer impossibility is not required." Sandifur, 2006 WL 3692611 at *4 (citing CSI Inv. Partners II, L.P. v. Cendant Corp., 2006 U.S. Dist. LEXIS 11014 at *14 (S.D.N.Y. 2006)). "Impracticality occurs, for example, where resort to alternative methods is unlikely to produce the relevant evidence in time to meet impending discovery deadlines." Id. The U.S. State Department's website[1] advises that Belgium is not a signatory to the Hague Evidence Convention — the upshot being that an American-style deposition cannot proceed in Belgium, unless the witness appears voluntarily. Here, both parties have attempted to obtain informal discovery from

---

[1] http:// www.travel.state.gov/law/info/judicial_666.html

2

1  McDade. He refused and reportedly will not provide any testimony unless compelled to do so
2  through formal processes. And, while PDL asserts that Belgium accepts requests for rogatory
3  commissions under the Hague Convention on Judicial Assistance, the State Department
4  suggests that the letter rogatory process can take anywhere from six months to one year. Fact
5  discovery as to PDL's amended counterclaims closes on July 20, 2010. Resort to the letter
6  rogatory process therefore is unlikely to produce relevant evidence in time under existing case
7  deadlines.

8  As for the location of the deposition, having the examination proceed in Belgium would
9  undoubtedly be most convenient for McDade. But because McDade is refusing to appear
10 voluntarily, it is doubtful whether this court has the authority to compel him to sit for a
11 deposition in Belgium. Moreover, the court would have no jurisdiction over the proceedings if
12 the deposition took place there. See Sabhlok, 2009 WL 3561523 at *6 ("Where, as here, the
13 subpoena is sought under the Court's authority to compel the testimony of a United States
14 citizen, there is simply no basis in law for permitting the testimony to occur in [another
15 country]. The Court lacks jurisdiction over the process, and the Court's lack of jurisdiction also
16 renders the event something other than what it purports to be."). On balance, after weighing
17 competing legitimate interests and possible prejudice, the court finds that it will be less costly
18 and disruptive to have the deposition proceed in Washington, D.C., at plaintiff's counsel's
19 offices, than to have one or more attorneys for each party travel to Belgium, or to have McDade
20 and plaintiff's counsel travel to California.

21 Accordingly, MedImmune's motion for issuance of a subpoena pursuant to 28 U.S.C. §
22 1783 is granted. The court will also grant MedImmune's request that service be effected via
23 Federal Express pursuant to Fed. R. Civ. P. 4(f) and Article 10(a) of the Hague Convention on
24 the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters
25 ("Hague Service Convention"). See generally R. Griggs Group Ltd. v. Filanto SPA, 920 F.
26 Supp. 1100 (D. Nev. 1996); Power Integrations, Inc. v. System Gen'l Corp., Case No. C04-
27 02581JSW, 2004 WL 2806168 at *2 n.3 (N.D. Cal., Dec. 7, 2004). Belgium is a signatory to
28 the Hague Service Convention and does not oppose service under Article 10(a). McDade's

1  deposition shall take place at plaintiff's counsel's offices in Washington, D.C. on June 9, 2010.[2]

2  MedImmune shall tender with the subpoena the sum of $12,000, which plaintiff estimates

3  should be sufficient to cover McDade's business-class travel, his accommodations in

4  Washington, D.C. and his witness fees.  See 28 U.S.C. § 1783(b).

5       SO ORDERED.

6  Dated:    May 27, 2010

7  _____
8  HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

---

[2] PDL is agreeable to the June 9, 2010 date. At oral argument, MedImmune agreed that if the June 9, 2010 does not work for McDade, MedImmune will, within reason under the existing discovery schedule, work with him and with PDL to select another date for the deposition.

4

5:08-cv-05590-JF Notice electronically mailed to:

Aaron P. Maurer     amaurer@wc.com

Aaron Y Huang     aaron.huang@weil.com

Dana K Powers     dana.powers@weil.com

David Isaac Berl     dberl@wc.com

David Isaac Gindler     DGindler@Irell.com, dlieberman@irell.com

Gerson Avery Zweifach     gzweifach@wc.com

Gregory Hull     greg.hull@weil.com, rebecca.kraus@weil.com

Jeffrey E. Faucette     jfaucette@tcolaw.com, cdunbar@tcolaw.com, cwoodrich@tcolaw.com, mcianfrani@tcolaw.com

Jessamyn Sheli Berniker     jberniker@wc.com

Paul B. Gaffney     pgaffney@wc.com

Raymond Angelo LaMagna     rlamagna@irell.com

Vernon Michael Winters     vern.winters@weil.com, nettie.asiasi@weil.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5