**\*E-FILED 06-10-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>PDL BIOPHARMA, INC.<br><br>       Defendant.<br>_____/ | No. C08-05590 JF (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**[Re: Docket No. 311]** |

      Plaintiff MedImmune, LLC ("MedImmune") seeks a declaration of contractual rights re a 1997 agreement ("License Agreement") with defendant PDL Biopharma, Inc. ("PDL"), as well as a declaration of noninfringement and invalidity as to claim 28 of PDL's U.S. Patent No. 6,180,370 (the "'370 patent"). PDL asserts counterclaims for breach of contract and willful infringement.

      MedImmune moves for a protective order as to eight of thirty-six noticed Fed. R. Civ. P. 30(b)(6) deposition topics. PDL opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part as follows:

A.    <u>Topic 15</u> seeks testimony about MedImmune's relationship with Abbott Laboratories ("Abbott") re the sale of Synagis, including MedImmune's accounting for Abbott's sales and payment of royalties. The parties disagree whether this discovery relates to issues that have

been in the case from the start. However, there is now no dispute that these requests seek discovery on matters that are in the case, albeit plaintiff argues that the topic is overbroad. As noted in this court's order on PDL's motion to compel documents (Docket No. 518), MedImmune has agreed to produce certain documents pertaining to its relationship with Abbott. And, at oral argument, MedImmune stated that it does not seek an order limiting the scope of possible inquiry on this topic and instead suggested that the parties further meet-and-confer as to the scope of PDL's examination. Accordingly, MedImmune's motion as to this topic is denied as moot, without prejudice to renew the matter should the parties fail to agree on the proper scope of examination. As discussed at the motion hearing, this court trusts that the parties should be able to work that out for themselves.

B.   <u>Topic 27</u> seeks testimony as to the date on which MedImmune first believed that claim 28 of the '370 patent was either invalid or not infringed and identity of the person(s) at MedImmune who made that determination. MedImmune's motion as to this topic is granted. PDL has not convinced that the topic is relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

C.   <u>Topic 28</u> having been withdrawn by PDL at the motion hearing, MedImmune's motion as to this topic is denied as moot.

D.   <u>Topic 30(c)</u> is a broader version of Topic 15 and seeks testimony about MedImmune's agreements with any third party re the sales, marketing and distribution of Synagis. To the extent this topic seeks information about MedImmune's relationship with Abbott, MedImmune's motion is denied. The motion is otherwise granted because PDL has not demonstrated why it should be permitted to conduct a probing examination as to any other third party.

E.   <u>Topic 33</u> seeks testimony about MedImmune's license agreements with any third parties relating to humanized antibody products and methods. The claimed relevance of this discovery is very attenuated and the likely benefit of the testimony is outweighed by the associated burden and expense. MedImmune's motion as to this topic is granted.

1  F.   Topic 34 seeks testimony about the identity of alternatives to MedImmune's humanized antibodies Synagis or motavizumab.  The record presented indicates that MedImmune has already provided a Fed. R. Civ. P. 30(b)(6) witness who testified about this matter.  (See Berniker Reply Decl., Ex. 3 at 106:12-107:18, 113:6-16).  MedImmune's motion as to this topic is granted.

G.   Topics 35 and 36 seek testimony about MedImmune's statements to the U.S. Patent and Trademark Office ("PTO") and MedImmune's responses to PTO office actions re MedImmune's patents and patent applications.  PDL has already obtained documents containing MedImmune's statements to the PTO re the Queen patents and various references.  It has now identified some 2000 pages of those documents containing statements that they would like to ask about in deposition.  It is not clear exactly what those statements are, and this court is working in somewhat of a vacuum here.  Nevertheless, on the record presented, PDL has not managed to persuade that the likely benefit of this discovery outweighs the associated burden and expense.  Accordingly, MedImmune's motion as to these topics is granted.

SO ORDERED.

Dated:   June 10, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:08-cv-05590-JF Notice electronically mailed to:

2  Aaron P. Maurer     amaurer@wc.com

3  Aaron Y Huang     aaron.huang@weil.com

4  Dana K Powers     dana.powers@weil.com

5  David Isaac Berl     dberl@wc.com

6  David Isaac Gindler     DGindler@Irell.com, dlieberman@irell.com

7  Gerson Avery Zweifach     gzweifach@wc.com

8  Gregory Hull     greg.hull@weil.com, rebecca.kraus@weil.com

9  Jason George Sheasby , ESQ     JSheasby@Irell.com, ewong@irell.com, mdonovan@irell.com

10  Jeffrey E. Faucette     jfaucette@tcolaw.com, cdunbar@tcolaw.com, cwoodrich@tcolaw.com, mcianfrani@tcolaw.com

11  Jessamyn Sheli Berniker     jberniker@wc.com

12  Paul B. Gaffney     pgaffney@wc.com

13  Raymond Angelo LaMagna     rlamagna@irell.com

14  Vernon Michael Winters     vern.winters@weil.com, nettie.asiasi@weil.com

15

16  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4