*E-FILED 06-30-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC, | No. C08-05590 JF (HRL) |
| Plaintiff, | **ORDER DENYING MARK D. MCDADE'S MOTION TO QUASH SUBPOENA** |
| v. | |
| PDL BIOPHARMA, INC. | **[Re: Docket No. 539]** |
| Defendant. | |

Recently, plaintiff MedImmune LLC (MedImmune) moved this court under the Walsh Act, 28 U.S.C. § 1783, for an order directing the issuance of a deposition subpoena for non-party Mark McDade. McDade, who was the CEO of defendant PDL Biopharma, Inc. (PDL) from 2002 to 2007, now lives in Belgium, where he is the Chief Operating Officer of a Belgian biopharmaceutical company.

Under the Walsh Act, the court "may order the issuance of a subpoena requiring the appearance as a witness before it . . . a national or resident of the United States who is in a foreign country" where the testimony sought "is necessary in the interest of justice" and "it is not possible to obtain his testimony in admissible form without his personal appearance." 28 U.S.C. § 1783(a); Securities & Exch. Comm'n v. Sabhlok, No. C08-04238CRB (JL), 2009 WL 3561523 *3 (N.D. Cal., Oct. 30, 2009). "The decision to issue a subpoena under this statute is left to the sound discretion of the court." Klesch & Co. Ltd. v. Liberty Media Corp.,

217 F.R.D. 517, 523 (D. Col. 2003).

Plaintiff filed the Walsh Act motion because McDade had turned down a request that he voluntarily submit to a deposition in Belgium, and—given the exigencies of time—there was no other practical way to obtain his testimony.

McDade was given notice of that motion, but chose not to oppose it.

On the record offered in the motion papers, this court found that MedImmune satisfied both prongs of the Walsh Act and granted the motion for the deposition subpoena. (See Docket No. 528).

Now, McDade moves to quash that subpoena. He tells the court that he is a busy, high-ranking executive with precious little time to travel to the United States to sit for a deposition in a case in which he has no interest. He says he remembers very little about the matters in issue and suggests that lower ranking officers and managers of PDL would know as much as him, and probably more.

"A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." Websidestory, Inc. v. Netratings, Inc., C06cv408, 2007 WL 1120567 *2 (S.D. Cal., Apr. 6, 2007). When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), the court may exercise its discretion under the federal rules to limit discovery. See id.; FED. R. CIV. P. 26(b)(1)-(b)(2). In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. Websidestory, Inc., 2007 WL 1120567 at *2. Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition. Id. Additionally, "when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." Id. A claimed lack of knowledge, by itself, is insufficient to preclude a deposition. Id. "Moreover, the fact that the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." Id.

In opposition to McDade's motion to quash, MedImmune convincingly argues that it has—so far, with no signal success—sought to obtain deposition testimony from the persons suggested by McDade. And, with discovery set to close in less than a month, there is insufficient time to hold off on McDade until all other possible sources of relevant testimony have been exhausted.

More significantly, this court is persuaded from its review of certain PDL documents to and from McDade that he was much more than an observer of events going on around him. Instead, it appears that he was the guiding hand and actual participant in the discussions and events which are of concern in the current litigation. On the face of it, he may well be the best source of information on the topics of interest to MedImmune. McDade is not entitled to a "pass" on account of his present position or because of any inconvenience or burden he may encounter by presenting himself for deposition.

Accordingly, the motion to quash the subpoena for the McDade deposition is DENIED.

SO ORDERED.

Dated:   June 30, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:08-cv-05590-JF Notice electronically mailed to:

Aaron P. Maurer     amaurer@wc.com

Aaron Y Huang     aaron.huang@weil.com

Dana Johannes Finberg     DANA.FINBERG@LECLAIRRYAN.COM

David Isaac Berl     dberl@wc.com

David Isaac Gindler     DGindler@Irell.com, dlieberman@irell.com

Gerson Avery Zweifach     gzweifach@wc.com

Gregory Hull     greg.hull@weil.com, rebecca.kraus@weil.com

Jason George Sheasby , ESQ     JSheasby@Irell.com, ewong@irell.com, mdonovan@irell.com

Jeffrey E. Faucette     jfaucette@tcolaw.com, cdunbar@tcolaw.com, cwoodrich@tcolaw.com, mcianfrani@tcolaw.com

Jessamyn Sheli Berniker     jberniker@wc.com

Matthew Kevin Wisinski     matthew.wisinski@leclairryan.com, karen.greer@leclairryan.com

Paul B. Gaffney     pgaffney@wc.com

Raymond Angelo LaMagna     rlamagna@irell.com

T. Ray Guy     ray.guy@weil.com

Vernon Michael Winters     vern.winters@weil.com, nettie.asiasi@weil.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4