*E-FILED 07-15-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PDL BIOPHARMA, INC.,<br><br>    Defendant. | No. C08-05590 JF (HRL)<br><br>**ORDER GRANTING DR. WILSON'S AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>**[Re: Docket No. 511]** |

    Plaintiff MedImmune, LLC ("MedImmune") seeks a declaration of contractual rights re a 1997 agreement ("License Agreement") with defendant PDL Biopharma, Inc. ("PDL"), as well as a declaration of noninfringement and invalidity as to claim 28 of PDL's U.S. Patent No. 6,180,370 (the "'370 patent"). PDL asserts counterclaims for breach of contract and willful infringement.

    In the course of discovery, MedImmune learned that the U.S. Patent & Trademark Office declared two patent interference proceedings as between certain of PDL's Queen patents and a patent application assigned to UCB Pharma, S.A. ("UCB"). Reportedly, at least one of those interference proceedings involves claim 28 of PDL's '370 patent. Dr. Ian Wilson is an expert witness retained by PDL in the interference proceedings. He submitted declarations in those proceedings in which he opines about, among other things, claim 28 of the '370 patent and certain prior art references that are at issue in the instant litigation.

1   In response to MedImmune's requests for production, PDL produced a number of filings
2   and testimony from the PDL-UCB interference proceedings, including two of Dr. Wilson's
3   declarations. According to plaintiff, Dr. Wilson's declarations contain opinions that are
4   virtually identical to those expressed by MedImmune's experts and which contradict certain
5   opinions expressed by PDL's litigation expert, Dr. Bluestone.

6   Dr. Wilson has not been retained by any party as an expert in the instant lawsuit.
7   Additionally, PDL says that it has no intention of offering any testimony from Dr. Wilson here.

8   MedImmune served a Fed. R. Civ. P. 45 subpoena for Dr. Wilson's deposition. In
9   essence, MedImmune seeks his testimony because MedImmune wants to ask the jury to believe
10  Dr. Wilson (and MedImmune's own experts), and not Dr. Bluestone, as to certain matters in
11  dispute. Dr. Wilson and PDL move for a protective order[1] precluding MedImmune from
12  deposing Dr. Wilson on the ground that Fed. R. Civ. P. 45(c)(3)(B)(ii) limits MedImmune's
13  ability to obtain his testimony.[2] MedImmune opposes the motion. Upon consideration of the
14  moving and responding papers, as well as the arguments of counsel, this court grants the
15  motion.

16  Under Fed. R. Civ. P. 45, a court may, but is not required, to quash or modify a
17  subpoena if the subpoena requires the disclosure of "an unretained expert's opinion or
18  information that does not describe specific occurrences in dispute and results from the expert's
19  study that was not requested by a party." FED. R. CIV. P. 45(c)(3)(B)(ii). The rule was
20  promulgated to curb the "growing problem" of "the use of subpoenas to compel the giving of
21  evidence and information by unretained experts." FED. R. CIV. P. 45 advisory committee's note.
22  "As the Advisory Committee notes on the 1991 amendment to Rule 45 illuminate, Rule
23  45(c)(3)(B)(ii) was designed to 'provide[] appropriate protection for the intellectual property of

---

[1] The subpoena in question was issued by the District Court for the Central District of California. Nevertheless, rather than bring a motion to quash there, Dr. Wilson, PDL and MedImmune agreed to have this court resolve the matter via a motion for protective order.

[2] PDL suggests, in passing, that MedImmune's subpoena was untimely. MedImmune heartily disagrees. Because the timeliness (or not) of the subpoena in question is not the focus of the instant motion, this court does not address that issue here.

2

the non-party witness . . . .'" In re Public Offering PLE Antitrust Litig., 233 F.R.D. 70, 76 (D. Mass. 2006) (quoting Fed. R. Civ. P. 45(c)(3)(B)(ii) advisory committee's note)). Thus, the rule "was designed to protect experts from being required to provide expert advice or assistance without proper compensation." Chavez v. Bd. of Educ. of Tularosa Municipal School, No. CIV 05-380, 2007 WL 1306734 *4 (D. N.M., Feb. 16, 2007).

Preliminarily, MedImmune argues that Fed. R. Civ. P. 45(c)(3)(B)(ii) does not apply because Dr. Wilson's declarations discuss matters at issue in this litigation and the work resulting in those declarations was requested by PDL. But the fact remains that Dr. Wilson has not been retained as an expert by any party in this lawsuit. See, e.g., Intervet, Inc. v. Merial Limited, No. 8:07CV194, 2007 WL 1797643 (D. Neb., June 20, 2007) (applying Fed. R. Civ. P. 45(c)(3)(B)(ii) to an unretained expert who had been retained by the plaintiff in a prior lawsuit between the same parties and concerning the same patent).

Pursuant to Fed. R. Civ. P. 45(c)(3)(B)(ii), the court may quash a subpoena seeking testimony from an unretained expert, unless the party seeking the testimony makes a showing that satisfies the criteria set out in Fed. R. Civ. P. 45(3)(C). That is, the subpoenaing party must (a) show a substantial need for the testimony that cannot be otherwise met without undue hardship; and (b) ensure that the subpoenaed person will be reasonably compensated. Schering Corp. v. Amgen, Inc., No. Civ. A 98-97, Civ A. 98-98, 1998 WL 552944 *2 (D. Del., Aug. 4, 1998). The court's discretion in determining whether to allow such discovery should be informed by: (1) the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony; (2) the difference between testifying to a previously formed or expressed opinion and forming a new one; (3) the possibility that, for other reasons, the witness is a unique expert, (4) the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify; and (5) the degree to which the witness is able to show that he has been oppressed by having to continually to testify. FED. R. CIV. P. 45 advisory committee's note (citing Kaufman v. Edelstein, 539 F.2d 811, 822 (2d Cir. 1976)).

In the instant case, the crux of the parties' dispute is whether MedImmune seeks testimony from Dr. Wilson in his capacity as an expert (PDL's view) or as a percipient witness (MedImmune's position). While acknowledging that the line between Dr. Wilson's expertise and his so-called "factual" testimony is very fine indeed, MedImmune says that it wants to depose him, not about his expert opinion, but about the circumstances surrounding the preparation of the declarations he submitted in the PDL-UCB interference proceedings. MedImmune further points out that the requested testimony concerns work that Dr. Wilson has already performed and for which he has already been compensated by PDL. Plaintiff nonetheless says that to the extent payment is an issue, arrangements could be made to compensate Dr. Wilson here.

This court is unpersuaded that MedImmune seeks Dr. Wilson's testimony as a "percipient" witness. Rather, it seems that Dr. Wilson's real value to MedImmune is his expert opinion. Although MedImmune argues that it is a "fact" that Dr. Wilson's opinion agrees with those of MedImmune's experts, it is Dr. Wilson's opinion that MedImmune really wants to put before the jury. Cases cited by MedImmune, in which the subpoena targets had knowledge as percipient witnesses, do not compel a contrary conclusion here. See, e.g., In re Public Offering PLE Antitrust Litigation, 233 F.R.D. 70 (D. Mass. 2006) (corporate securities attorney subpoenaed re an article he wrote about certain financial transactions in which he apparently was involved); Brogren v. Pohlad, No. 94C6301, 1994 WL 654917 (N.D. Ill., Nov. 14, 1994) (corporate executive subpoenaed to testify about what investment advice his company provided to another corporation); Arkwright Mutual Ins. Co. v. Nat'l Union Fire Ins. Co. of Pennsylvania, 148 F.R.D. 552 (S.D. W. Va. 1993) (fire investigator subpoenaed to testify about what he saw, smelled, and observed during his investigation).

MedImmune contends that Dr. Wilson's testimony is "unique" because he not only has opinions that mesh with MedImmune's experts, he also happens to be retained by PDL in a separate proceeding. But it appears that plaintiff simply wants to inject Dr. Wilson's expert opinion in this litigation as a "me too" to those expressed by MedImmune's own experts. That

1  does not strike this court as a substantial need that justifies putting Dr. Wilson to the burden of
2  complying with the subpoena.
3      MedImmune argues that it is nonetheless entitled to depose Dr. Wilson because his
4  declarations from the interference proceedings are admissions by PDL in this litigation.  Here
5  too, however, MedImmune's cited authorities do not support that conclusion.  See Glendale
6  Fed. Bank, FSB v. United States, 39 Fed. Cl. 422, 425 (1997) (holding that "[w]hen an expert
7  witness is put forward as a testifying expert at the beginning of trial, the prior deposition
8  testimony of that expert *in the same case* is an admission against the party that retained him.")
9  (emphasis added); In re Hanford Nuclear Reservation Litig., 534 F.3d 986, 1016 (9th Cir. 2008)
10 (stating that expert testimony offered by plaintiff during her first trial (a mistrial) was a party
11 admission during her re-trial).
12     Based on the foregoing, Dr. Wilson's and PDL's motion for protective order is granted.
13 SO ORDERED.
14 Dated:   July 15, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**United States District Court**
For the Northern District of California

1. 5:08-cv-05590-JF Notice electronically mailed to:
2. Aaron P. Maurer   amaurer@wc.com
3. Aaron Y Huang   aaron.huang@weil.com
4. Dana Johannes Finberg   DANA.FINBERG@LECLAIRRYAN.COM
5. David Isaac Berl   dberl@wc.com
6. David Isaac Gindler   DGindler@Irell.com, dlieberman@irell.com
7. Gerson Avery Zweifach   gzweifach@wc.com
8. Gregory Hull   greg.hull@weil.com, rebecca.kraus@weil.com
9. Jason George Sheasby , ESQ   JSheasby@Irell.com, ewong@irell.com, mdonovan@irell.com
10. Jeffrey E. Faucette   jfaucette@tcolaw.com, cdunbar@tcolaw.com, cwoodrich@tcolaw.com, mcianfrani@tcolaw.com
11. Jessamyn Sheli Berniker   jberniker@wc.com
12. Joshua H. Lerner   jlerner@durietangri.com, jcotton@durietangri.com, records@durietangri.com
13. Matthew Kevin Wisinski   matthew.wisinski@leclairryan.com, karen.greer@leclairryan.com
14. Paul B. Gaffney   pgaffney@wc.com
15. Raymond Angelo LaMagna   rlamagna@irell.com, slee@irell.com
16. T. Ray Guy   ray.guy@weil.com
17. Thomas S Fletcher   TFletcher@wc.com, jmcnichols@wc.com, jrydstrom@wc.com
18. Vernon Michael Winters   vern.winters@weil.com, nettie.asiasi@weil.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.