**E-Filed 7/22/2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>PDL BIOPHARMA, INC.,<br><br>           Defendant. | Case Number C 08-5590 JF (HRL)<br><br>ORDER[1] OVERRULING PDL'S OBJECTION TO DISCOVERY ORDER<br><br>[Re: Docket No. 581] |

## I. BACKGROUND

MedImmune acquired rights to PDL's Queen Patent portfolio under a 1997 License Agreement.  In December 2008, MedImmune filed the instant action, challenging the validity of the Queen Patents.  In March 2009, MedImmune moved to amend its complaint to seek relief under the License Agreement's "most favored licensee" ("MFL") provision.  The Court granted MedImmune's motion to add its claim based on the MFL provision.  On May 7, 2009, PDL filed an Answer, Defenses, and Counterclaims, denying any violation of MedImmune's rights under the MFL provision and contending that MedImmune's products infringe upon Claim 28 of United States Patent No. 6,180,370 ("the '370 patent").  In that pleading, PDL claimed that

---

[1] This disposition is not designated for publication in the official reports.

1    MedImmune had a continuing obligation to pay royalties based upon Claim 28, but in view of the
2    then existing license it did not seek damages or injunctive relief against MedImmune's products.
3            On December 11, 2009, PDL sent MedImmune a letter purporting to cancel the License
4    Agreement between the parties.  Then, on December 14, 2009, PDL amended its counterclaims,
5    in part to allege that MedImmune breached the License Agreement by failing to pay all royalties
6    due on its sales of Synagis®.  PDL alleges that as a result of this breach MedImmune lost its
7    rights as a licensee and currently is infringing the '370 Patent by continuing to produce and sell
8    Synagis®.[2]
9            On January 5, 2010, PDL served MedImmune with a notice of deposition pursuant to
10   Fed. R. Civ. P. 30(B)(6).  MedImmune subsequently moved for a protective order with respect to
11   certain deposition topics.  On June 10, 2010 Judge Lloyd issued an order granting in part and
12   denying in part MedImmune's motion.  On June 22, 2010, PDL filed the instant objection to
13   Judge Lloyd's order with respect to the following deposition topics:

>    Topic 27: The date on which MedImmune first believed that claim 28 of the '370 patent was either invalid or not infringed (or both), and who at MedImmune came to that determination.
>
>    Topic 35. All of MedImmune's statements to the [U.S. Patent and Trademark Office ("PTO")] [] regarding the following in the prosecution of MedImmune's US patents or patent applications: [Queen, Riechmann, Verhoyen, Jones, Winter EP, Queen patents]
>
>    Topic 36. All of MedImmune's responses to PTO office actions regarding the following during prosecution of MedImmune's US patents or patent applications: [Queen, Riechmann, Verhoyen, Jones, Winter EP, Queen patents]

Declaration of Jessamyn S. Berniker ("Berniker Decl."), Ex. B (PDL's Second Amended Third Notice of Deposition of MedImmune pursuant to Fed. R. Civ. P. 30(B)(6)) at 4, 6-7.  On June 23, 2010, the Court issued an order requesting a response to the objection from MedImmune by July 7, 2010 and providing Defendant an opportunity to reply on or before July 14, 2010.  Having reviewed Judge Lloyd's order and the parties' papers, the Court will overrule the objection.

---

[2] On March 15, 2010, the Court denied MedImmune's motion to strike PDL's amended pleading.

## II. LEGAL STANDARD

Where, as here, the magistrate judge's ruling addresses a non-dispositive matter, the district judge will modify or set aside "any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is 'significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.''" *Crisipin v. Christian Audigier, Inc.*, — F.Supp.2d —, 2010 WL 2293238, at *3 (C.D. Cal. May 26, 2010), quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993). Whereas, "[t]he 'contrary to law' standard ... permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000), citing *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law"); *see Med. Imaging Centers of America, Inc. v. Lichtenstein,* 917 F.Supp. 717, 719 (S.D. Cal. 1996) ("Section 636(b)(1) ... has been interpreted to provide for *de novo* review by the district court on issues of law").

## III. DISCUSSION

**A. Topic 27**

Topic 27 of PDL's Rule 30(b)(6) notice requests testimony as to the date on which MedImmune first believed that claim 28 of the '370 patent was either invalid or not infringed and the identity of the person(s) at MedImmune who made that determination. Judge Lloyd granted MedImmune's motion to quash this request because the topic is not "relevant or reasonably calculated to lead to the discovery of admissible evidence." Dkt. 554 at 2, citing Fed. R. Civ. P. 26(b)(1). Judge Lloyd's conclusion that Topic 27 is not relevant to PDL's willful infringement claim is a legal determination subject to *de novo* review.

PDL argues that its willful infringement claim puts MedImmune's state of mind at issue and makes topic 27 highly relevant. PDL's Motion for Relief at 3, citing N.D. Cal. Model Patent Jury Instruction No. 3.11 ("The second part of the test [for willful infringement] does depend on the state of mind of the [alleged infringer]. The [patent holder] must persuade you that [alleged

3

infringer] actually knew, or it was so obvious that [alleged infringer] should have known, that its actions constituted infringement of a valid and enforceable patent."); *see also Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1339 (Fed. Cir. 2008) (holding that a "competent opinion of counsel concluding either that [the alleged infringer] did not infringe the [] patent *or* that it was invalid would provide a sufficient basis for [the alleged infringer] to proceed without engaging in objectively reckless behavior with respect to the [] patent."); *see also In re Seagate Technology,* LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) (holding that if an accuser succeeds on the threshold objective standard of its willful infringement claim, it "must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.").

However, while the state of mind of an alleged infringer generally is relevant to a willful infringement claim, Judge Lloyd's holding is not contrary to law in light of the unique circumstances of the instant action. MedImmune still was a licensee of the Queen patents in good standing when it filed the instant action in December 2008.[3] A year later, based upon facts allegedly first revealed in discovery, PDL wrote to MedImmune purporting to cancel their existing License Agreement. PDL also asserted a counterclaim for willful infringement. PDL's willful infringement claim seeks a remedy "for infringement and willful infringement that occurred *subsequen*t to the termination of MedImmune's license agreement." Dkt. 346 at 7 (emphasis in original). Because MedImmune filed its action for declaratory relief *a year prior* to the purported termination of the License Agreement and PDL seeks a remedy for willful infringement that occurred *subsequent* to that termination, the date on which MedImmune first believed that claim 28 of the '370 patent was either invalid or not infringed is irrelevant to PDL's willful infringement claim. Accordingly, PDL's objection to Judge Lloyd's ruling as to Topic 27

---

[3] PDL argues that it "is entitled to explore whether MedImmune took a license and paid hundreds of millions of dollars in royalties to PDL precisely because MedImmune believed it would otherwise infringe." PDL Motion for Relief at 4. However, as PDL points out, Claim 28 of the '370 patent did not exist when MedImmune and PDL executed the License Agreement.

1  is overruled.[4]

2  **B. Topics 35 and 36**

3  Topics 35 and 36 of PDL's 30(b)(6) notice request all of MedImmune's statements to and responses to the PTO with respect to the following in the prosecution of MedImmune's U.S. patents or patent applications: (1) Queen et al., "A humanized antibody that binds to the interleukin 2 receptor," Proc. Natl. Acad. Sci., 86:10029-10033 (Dec. 1989); (2) Riechmann et al., "Reshaping human antibodies for therapy," Nature, 332:323-327 (1988); (3) Verhoyen et al., "Reshaping Human Antibodies: Grafting an Antilysozyme Activity," Science, 239:1534-1536 (1988); (4) Jones et al., "Replacing the complementarity-determining regions in a human antibody with those from a mouse," Nature, 321:522-525 (1986); (5) EPO Publication No. 0239400 ("Winter EP"); and (6) any of the Queen patents. Berniker Decl., Ex. B at 6-7. PDL argues that it is legally entitled to deposition topics 35 and 36 because MedImmune's prior statements in the subject patent applications and patents, which were filed before the instant litigation, conflict with MedImmune's current validity positions as to the '370 patent's disclosure and prior art.

Judge Lloyd granted MedImmune's motion to quash these requests, concluding that:

> PDL has already obtained documents containing MedImmune's statements to the PTO re the Queen patents and various references. It has now identified some 2000 pages of those documents containing statements that they would like to ask about in deposition. It is not clear exactly what those statements are, and this court is working in somewhat of a vacuum here. Nevertheless, on the record presented, PDL has not managed to persuade that the likely benefit of this discovery outweighs the associated burden and expense.

Dkt. 554 at 3. "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed. . .if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

---

[4] PDL argues that MedImmune "misled the magistrate into legal error" by contending that there was no willful infringement claim in the case. PDL Motion for Relief at 4. The record reflects that Judge Lloyd was aware of this Court's March 15, 2010 order denying MedImmune's motion to strike and granting PDL leave to allege its willful infringement counterclaim. Dkt. No. 554 at 1 ("PDL asserts counterclaims for breach of contract and *willful infringement*.") (emphasis added).

1  controversy, the parties' resources, the importance of the issues at stake in the action, and the
2  importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).
3       PDL argues that Judge Lloyd's determination was legally erroneous under the law of the
4  case doctrine or simple fairness because MedImmune argued and Judge Lloyd held "previously []
5  that it [was] not too burdensome for a PDL 30(b)(6) witness to review thousands upon thousands
6  of pages (specifically, the prosecution history of the Queen patent family) and provide testimony
7  about it." PDL's Motion for Relief at 5. PDL's argument is unpersuasive for two reasons. First,
8  the prosecution history of the Queen patents – the patents in suit – arguably is more relevant then
9  the thirty different patents and patent applications not in suit that are the subject of the instant
10 discovery request. Second, PDL has not identified any of the inconsistent statements to which it
11 refers. Accordingly, Judge Lloyd's exercise of discretion in determining the degree of benefit in
12 relation to the burden and expense was not clearly erroneous.
13 THE OBJECTION IS OVERRULED.
14 DATED: July 22, 2010

                                              _____
                                              JEREMY FOGEL
                                              United States District Judge

Case Number C 08-5590 JF (HRL)
ORDER OVERRULING PDL'S OBJECTION TO DISCOVERY ORDER
(JFLC1)