1  GERSON A. ZWEIFACH (admitted *pro hac vice*)
   PAUL B. GAFFNEY (admitted *pro hac vice*)
2  DAVID I. BERL (No. 211761)
   JESSAMYN S. BERNIKER (admitted *pro hac vice*)
3  THOMAS S. FLETCHER (No. 262693)
   WILLIAMS & CONNOLLY LLP
4  725 Twelfth Street, NW
   Washington, DC  20005-5901
5  Telephone: (202) 434-5000
   Facsimile: (202) 434-5029

MATTHEW D. POWERS
(Bar No. 104795)
VERNON M. WINTERS
(Bar No. 130128)
GREGORY D. HULL (Bar No. 57367)
AARON Y. HUANG (Bar No. 261903)
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

8  JEFFREY E. FAUCETTE (No. 193066)
   TAYLOR & COMPANY LAW OFFICES, LLP
   One Ferry Building, Suite 355
9  San Francisco, CA 94111
   Telephone: (415) 788-8200
10 Facsimile: (415) 788-8208

DAVID I. GINDLER (Bar No. 117824)
JASON G. SHEASBY (Bar No. 205455)
RAYMOND LAMAGNA
(Bar No. 244821)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

12 ELLIOT M. OLSTEIN (admitted *pro hac vice*)
   CARELLA, BYRNE, CECCHI, OLSTEIN,
13 BRODY & AGNELLO, P.C.
   Five Becker Farm Road
14 Roseland, NJ  07068-1739
   Telephone: (973) 994-1700
15 Facsimile: (973) 994-1744

*Additional Counsel Listed After Signature Page*

Attorneys for Defendant,
PDL BIOPHARMA, INC.

Attorneys for Plaintiff,
MEDIMMUNE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PDL BIOPHARMA, INC.,<br><br>    Defendant. | Case No. CV 08 5590 JF<br><br>Action Filed: December 16, 2008<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER APPOINTING SPECIAL MASTER MARTIN QUINN** |

1     Pursuant to Federal Rule of Civil Procedure 53, and with the consent of the plaintiff and counterclaim defendant, MedImmune, LLC ("MedImmune"), and the defendant and counterclaim plaintiff, PDL BioPharma, Inc. ("PDL"), the Court hereby appoints Martin Quinn, Esq. as Special Master to assist the Court with discovery in this litigation (hereinafter "Special Master").

    The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), and to address pretrial discovery matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

    Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master shall promptly file an affidavit with this Court stating that, if true, he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. section 455.  During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

    Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-saving to all parties. Moreover, the Court notes that the parties have consented to the Special Master's appointment and have agreed to pay the compensation ordered herein. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master.

    Pursuant to Rule 53(b)(1) the Court gave all parties to the proceedings notice of its intent to appoint the Special Master and an opportunity to be heard with respect to such appointment before issuing this Order.

    Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties.

    Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with management of discovery pursuant to the Federal Rules of Civil Procedure, and in particular Rule 26 and with adjudication of all discovery motions and disputes between the parties in this matter pursuant to

Rules 37 or 45.  All currently pending discovery motions and disputes between the parties are hereby referred to the Special Master pursuant to this Order.

The Special Master shall have the authority provided in Rule 53(c) and 53(d).

The procedural requirements contained in this Court's Local Rules and/or Pretrial Orders shall govern any motion practice before the Special Master subject to the Special Master's discretion to adopt reasonable alternative procedural requirements with notice to the parties thereof.

Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time. The Special Master shall not communicate ex parte with any party, third party witness, or counsel for any party or third party.

Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written orders, findings, and/or recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF"). Such filing shall fulfill the Special Master's duty to serve his order on the parties.

Pursuant to Rule 53(b)(2)(E) and 53(g), the Special Master shall be compensated at an hourly rate of $600.00 for his services pursuant to this Order. The Special Master shall not charge for travel time. The Special Master shall prepare a monthly invoice for his services, which he shall provide to counsel for the parties.  MedImmune and PDL shall each be responsible for paying one-half of the Special Master's invoice; such invoices shall be paid promptly.

Pursuant to Rule 53(f), the Special Master shall report to the Court as directed by the Court.

Pursuant to Rule 53(b)(2)(D) and 53(f), the following procedures shall govern any action on the Special Master's orders, reports, and/or recommendations: Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within seven (7) days from the day the Special Master filed the order, report, and/or recommendation via ECF.  Any Order issued by the Special Master shall remain in effect pending any such objection or motion, unless

1  the Special Master holds otherwise.  A party may, however, move to stay the Special Master's
2  order pending review by the Court.  The party filing the objection or motion shall submit with
3  such objection or motion any record necessary for the Court to review the Special Master's order,
4  report, and/or recommendation, including any transcripts of proceedings before the Special Master
5  and any documents submitted by the parties in connection with the Special Master's order, report,
6  and/or recommendation. Failure to provide the record shall constitute grounds for the Court to
7  overrule the objection or deny the motion.  No such objection or motion may be filed by any party
8  after seven (7) days from the day the Special Master filed the order, report, and/or
9  recommendation via ECF. Pursuant to the parties' stipulation, the Court shall review findings of
10  fact made or recommended by the Special Master for clear error. The Court shall review de novo
11  any conclusions of law made or recommended by the Special Master. The Court will set aside the
12  Special Master's ruling on a procedural matter only for an abuse of discretion.

   Pursuant to Rule 53(f)(1), in acting on an order, report, or recommendations of the Special Master, the Court shall afford each party an opportunity to be heard and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

   IT IS SO STIPULATED.

DATED: August 6, 2010.     WILLIAMS & CONNOLLY LLP

               _/s/ Jessamyn S. Berniker_
               GERSON A. ZWEIFACH
               PAUL B. GAFFNEY
               DAVID I. BERL
               JESSAMYN S. BERNIKER
               THOMAS S. FLETCHER

               Attorneys for Plaintiff
               MEDIMMUNE, LLC

DATED: August 6, 2010.     WEIL, GOTSHAL & MANGES LLP

               _/s/ Vernon M. Winters_
               MATTHEW D. POWERS
               VERNON M. WINTERS
               GREGORY D. HULL
               PETER SANDEL
               REBECCA FETT

AARON Y. HUANG

Attorneys for Defendant
PDL BIOPHARMA, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __August 9_____, 2010.

_____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

*Additional Counsel:*

T. RAY GUY (admitted pro hac vice)
ray.guy@weil.com
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777

PETER SANDEL (admitted pro hac vice)
peter.sandel@weil.com
REBECCA FETT (admitted pro hac vice)
rebecca.fett@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

P. CHRISTINE DERUELLE (pro hac vice)
christine.deruelle@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Defendant,
PDL BioPharma, Inc.

Ag

4

STIP. AND [PROPOSED] ORDER APPOINTING                                CASE NO. CV-08-5590 (JF)
SPECIAL MASTER MARTIN QUINN
US_ACTIVE:\43468634\01\67073.0005