**E-Filed 9/14/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>PDL BIOPHARMA, INC.,<br><br>          Defendant. | Case Number C 08-5590 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO INTERVENE; STAYING CERTAIN DISCOVERY; ORDERING PRODUCTION OF DOCUMENTS *IN CAMERA*; AND REFERRING ISSUE TO SPECIAL MASTER<br><br>[Re: Docket No. 638, 640] |

## BACKGROUND

Pusuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b), Non-Parties Genentech, Inc. and City of Hope (collectively "Genentech") move to intervene in the instant litigation for the limited purpose of seeking an order protecting from disclosure confidential information relating to their 2008 settlement agreement with Plaintiff MedImmune, LLC, resolving litigation of a patent not at issue in this case ("2008 Agreement"). Genentech also seeks a protective order under Rule 26(c) forbidding the disclosure of confidential documents related to the 2008 Agreement to Defendant PDL Bio-Pharma ("PDL"). PDL opposes Genentech's motion for a

---

[1] This disposition is not designated for publication in the official reports.

Case Number C 08-5590 JF (HRL)
ORDER GRANTING MOTION TO INTERVENE; STAYING CERTAIN DISCOVERY; ORDERING PRODUCTION
OF DOCUMENTS IN CAMERA; AND REFERRING ISSUE TO SPECIAL MASTER
(JFLC3)

1  protective order and cross-moves to compel production of documents concerning the license
2  agreements entered into by MedImmune and Genentech in 1997, 2001, and 2008, including
3  documents concerning the negotiations of those license agreements and information with respect
4  to royalty calculations.
5       After meeting and conferring with PDL, Genentech indicated that it would not object to
6  production of responsive license agreements executed before 2003 as long as those license
7  agreements are produced under the "Third-Party Confidential – Outside Counsel's Eyes Only"
8  designation already in use for other documents in this case. Lerner Declaration, Dkt. 722 at 2.
9  The remaining issues are whether PDL may obtain the 2008 Agreement and documents
10 reflecting the underlying negotiations, and whether PDL may discover underlying documents
11 with respect to earlier license agreements, including documents reflecting royalty calculations.
12
13 **A.    Motion to Invervene**
14      Neither party opposes to Genentech's limited intervention. Accordingly, Genentech's
15 motion to intervene will be granted.
16 **B.    Discovery of the 2008 Agreement and related Documents**
17      Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery
18 regarding any matter, not privileged, that is relevant to the claim or defense or any party . . . ."
19 The scope of discovery permissible under Rule 26 is to be liberally construed; the rule
20 contemplates discovery into any matter that bears on or that reasonably could lead to other
21 matter that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v.*
22 *Wells Fargo Bank, N.A.*, 254 F.R.D. 568 (N.D. Cal. 2008). The broad scope of discovery,
23 however, is tempered by Rule 26(c) which "gives district courts broad latitude to grant protective
24 orders to prevent disclosure of materials for many types of information, including . . .
25 confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*,
26 307 F.3d 1206,1211 (9th Cir. 2002) (emphasis omitted).
27      PDL argues that the 2008 Agreement is relevant both to damages and to MedImmune's
28

2

Case Number C 08-5590 JF (HRL)
ORDER GRANTING MOTION TO INTERVENE; STAYING CERTAIN DISCOVERY; ORDERING PRODUCTION
OF DOCUMENTS IN CAMERA; AND REFERRING ISSUE TO SPECIAL MASTER
(JFLC3)

liability for fraud and breach of contract. *See* dkt. 672, 5:8-6:20. Genentech argues that disclosure of the confidential information at issue would frustrate settling parties' expectations of confidentiality, noting that the confidentiality of this settlement is particularly sensitive because Genentech faces two pending lawsuits relating to the same patent at issue in the 2008 Agreement. *See* dkt. 721, 11:19.

The Court must balance PDL's interest in the discovery of potentially relevant information against Genentech's interest in protecting a settlement negotiated with the expectation of confidentiality. In doing so, the Court may avail itself of its inherent power to manage the timing as well as the scope of discovery. *See Freescale Semiconductor, Inc. v. ChipMOS Techs.*, 2010 WL 1687823, *2 (N.D. Cal. Apr. 22, 2010) (Noting that the court may "exercise its inherent power to manage its dockets and stay proceedings"). To the extent that it is seeking the 2008 Agreement in order to obtain information relevant to the issue of damages for its counterclaim against MedImmune, PDL has no apparent need for that information at the present stage of the instant litigation. In contrast, the potential harm to Genentech is immediate. Assuming that the information at issue relates only to damages, the Court is inclined to stay related discovery at least until after it decides dispositive motions with respect to PDL's infringement claims.

However, PDL also contends that the 2008 Agreement is relevant to its counterclaims for breach of contract and fraud. Because PDL has not seen the 2008 Agreement, its contention necessarily is hypothetical. In order to assure itself and the parties that relevant information is not being withheld, the Court will direct Genetech to produce the 2008 Agreement to the special master *in camera*. Within ten days, PDL shall provide the special master with an explanation of the ways in which the Agreement might be relevant to its breach of contract and fraud claims. The special master thereafter will advise the Court whether in his opinion the 2008 Agreement contains any information that may be relevant to MedImmune's liability. If the special master determines the 2008 Agreement contains information that might be relevant, the parties will be provided an opportunity to brief the issue of whether the stay should be lifted.

3

1  **C.  Discovery of Documents Relating to Royalty Calculations and Negotiations for the
2   Pre-2003 License Agreements**

3   The parties also dispute the discoverability of documents relating to royalty calculations
4  and negotiations with respect to the license agreements entered into by Genentech and
5  MedImmune before 2003.  The broader issue of the relevance and discoverability of
6  MedImmune's license negotiation documents is already before the special master.  *See* Motion to
7  Compel Discovery Relevant to PDL's Eighth Counterclaim for Patent Infringement, dkt. 618.
8  Accordingly, the parties disputes with respect to discovery of documents relating to royalty
9  calculations and negotiations for the pre-2003 MedImmune/Genentech licensing agreements are
10 referred to the special master.

**ORDER**

12  The motion to intervene is GRANTED.  Discovery with respect to the 2008 Agreement
13 and related documents is hereby STAYED pending dispositive motions with respect to PDL's
14 counterclaims.  Within ten days, Genentech and MedImmune shall produce the 2008 Agreement
15 for *in camera* review by the special master.  At the same time, PDL shall provide the special
16 master with an explanation as to how the 2008 Agreement might be relevant to its breach of
17 contract and fraud claims.  The parties remaining disputes are referred to the special master.

19  IT IS SO ORDERED.
20  DATED: 9/14/2010

22  JEREMY FOGEL
    United States District Judge

4

Case Number C 08-5590 JF (HRL)
ORDER GRANTING MOTION TO INTERVENE; STAYING CERTAIN DISCOVERY; ORDERING PRODUCTION
OF DOCUMENTS IN CAMERA; AND REFERRING ISSUE TO SPECIAL MASTER
(JFLC3)