Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MEDIMMUNE, LLC, | CASE NO. C 08-5590 JF |
| Plaintiff, | **SPECIAL MASTER'S REPORT AND RECOMMENDATION RE MEDIMMUNE/GENENTECH 2008 LICENSE AGREEMENT (No hrg.)** |
| v. | |
| PDL BIOPHARMA, | |
| Defendants. | |

On September 14, 2010, the Court ordered the Special Master to conduct an *in camera* review of the 2008 License Agreement between Intervenor Genentech and MedImmune and to advise the Court "whether in his opinion the 2008 Agreement contains any information that might be relevant to MedImmune's liability."

I have reviewed the 1997 MedImmune/Genentech License Agreement (which has been produced to PDL), the Settlement Agreement dated May 12, 2008, between MedImmune and Genentech, and Amendment No. 1 to the 1997 MedImmune/Genentech License Agreement also dated May 12, 2008. I have also reviewed a letter dated September 24, 2010 from counsel for

Genentech, and a confidential *ex parte* letter dated September 24, 2010 from special counsel to PDL. I also had a brief *in camera* conversation with counsel for Genentech.

I conclude that there is little or no likelihood that the 2008 Settlement Agreement and Amendment No. 1 would provide any information relevant to the issues identified by PDL as of interest, or that the documents would be relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) First, the context of the 2008 Amendment No. 1 is wholly different from that surrounding the MedImmune/PDL License Agreement in 1997. Not only did 10 years separate the two agreements – and 10 years is a long time in the business world generally and the pharmaceutical business in particular – but the 2008 Amendment No. 1 was negotiated as part of the settlement of patent litigation between Genentech and MedImmune. Trade-offs regarding litigation issues not present in the 1997 PDL/MedImmune negotiations in all likelihood played a significant part in framing the terms of Amendment No. 1. Therefore, the probative value of the 2008 MedImmune/Genentech documents as an aid to interpreting the 1997 PDL/MedImmune License Agreement is minimal to non-existent. Second, in Amendment No. 1 there is nothing in the language of the pertinent provisions referenced by PDL in its submission to me that sheds any light one way or another on the interpretation of comparable provisions, or on the treatment of end-sales by Abbott, in the PDL/MedImmune License Agreement,.

The confidentiality protection surrounding the MedImmune/Genentech 2008 documents prevents me from providing any more detailed reasoning for my conclusion.

Accordingly, I recommend that Genentech's motion for protective order be GRANTED, and PDL's cross-motion to compel be DENIED, with respect to the 2008 Settlement Agreement and Amendment No. 1 between Genentech and MedImmune.

Dated: October 13, 2010

Martin Quinn, Special Master

2